# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**ROBERT SPENCER,**                                                    **PETITIONER**

**v.**                                                    **No. 3:08CV61-P-S**

**LAWRENCE KELLY, ET AL.**                                                    **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the petition of Robert Spencer for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered. The petitioner has not replied, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Facts and Procedural Posture

Robert Spencer is in the custody of the Mississippi Department of Corrections and currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of one count of felon in possession of a firearm in the Circuit Court of Marshall County, Mississippi, and sentenced as a habitual offender under MISS. CODE ANN. § 99-19-83 to serve a term of life without parole. Spencer appealed his conviction and sentence to the Mississippi Supreme Court raising the following grounds for relief (as Spencer stated through counsel):

1.    Whether the trial court erred in not granting the Defendant's Motion for Directed Verdict, peremptory instruction and/or Motion for Judgment Notwithstanding the Verdict because the Jury's verdict was against the overwhelming weight of the evidence.

2.    Whether the State proved each element beyond a reasonable doubt regarding the crime charged in Count III of the Indictment - Felon in Possession of a Firearm.

The Mississippi Court of Appeals affirmed Spencer's conviction and sentence.  *Spencer v. State*, 944 So.2d 90 (Miss. App. 2006), *reh'g. denied* August 29, 2006, *cert. denied* December 7, 2006 (Cause No. 2004-KA-2469-COA).

Spencer then filed an "Application for Leave to Proceed in the Trial Court" with a "Motion for Post-Conviction Relief" ("PCR").  In addition to these filings, he included a "Memorandum of Law in Support of Motion for Post-Conviction Relief," in which he raised the following grounds for relief (as summarized by the State):

1.      Whether trial and appellate counsel were ineffective pursuant to *Strickland v. Washington*, for:

    A.      Failing to object to the State's erroneous jury instruction or offer a correct jury instruction which was not at variance with the indictment.

    B.      Failing to file a pre-trial motion in *limine* to exclude evidence as irrelevant pursuant to Mississippi Rules of Evidence or to object to the admission of such.

    C.      Whether the failure of trial counsel to disclose the fact that trial counsel had made no prior contact with the Defendant prior to the trial date constituted a conflict of interest.

    D.      Failing to raise issues on appeal which had been preserved during the trial.

    E.      Failure to preserve sentencing errors for appeal.

    F.      Cumulative errors of trial and defense counsel violated Petitioner's constitutional rights.

2.      Trial court error in giving erroneous jury instructions.

3.      Petitioner was erroneously convicted as an habitual offender.

The Mississippi Supreme Court considered Spencer's claims and found them to be without merit,  holding in its order of February 27, 2008:

After due consideration, the panel finds that Spencer's claims that he received constitutionally ineffective assistance of counsel at trial and on appeal fail to meet both prongs of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The panel further finds that Spencer's claims that the circuit court erred in the calculation of his sentence pursuant to Miss. Code Ann. §99-19-83 are without merit. The panel finds that Spencer has failed to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. §99-39-27(5). Accordingly, Spencer's application for post-conviction collateral relief should be denied.

In his federal petition for a writ of *habeas corpus*, Spencer raises the following allegations of error (as summarized by the State):

Ground One:     Ineffective assistance of counsel for failing to object to the state's erroneous jury instruction or offer a correct jury instruction which was not at variance with the indictment.

Ground Two:     Ineffective assistance of counsel for failing to file a pre-trial motion in limine to exclude evidence as irrelevant or objecting to its admission.

Ground Three: Whether the failure of trial counsel to disclose the fact that trial counsel had made no prior contact with the Defendant prior to the trial date constituted a conflict of interest.

Ground Four:    Ineffective assistance of appellate counsel in failing to raise the following issues on appeal:

    A.      The trial court's erroneous denial of a continuance.

    B.      Sentencing errors.

    C.      Cumulative errors.

Ground Five:[1] Erroneous jury instruction.

---

[1] This allegation appears to be included within Spencer's Ground Four, a list of several allegations of ineffective assistance of counsel. However, as the argument in support of this raises a challenge to the jury instruction itself, rather than to counsel's actions with regard to the instruction, the state set this out as a separate claim, as will the court. As a result, the remaining grounds have been appropriately renumbered.

Ground Six:    The trial court committed plain error in sentencing Petitioner as an habitual offender in the face of insufficient evidence.

Ground Seven: The trial court erred in not granting Petitioner's motion for directed verdict or judgment notwithstanding the verdict because the State failed to prove each element of the crime beyond a reasonable doubt.

Ground Eight: The verdict of guilty of felon in possession of a firearm is inconsistent with the jury's inability to reach a verdict on the aggravated assault and armed robbery charges.

The petitioner has exhausted his state court remedies regarding the issues raised in the instant petition.

## Grounds Reviewed on the Merits in State Court

The Mississippi Supreme Court has already considered all of the grounds in the current petition on the merits and decided those issues against Spencer; hence, these claims are barred from *habeas corpus* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's

claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas corpus* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to any grounds of the instant petition.

Nevertheless, under § 2254(d)(2) these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the supreme court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas corpus* review issues

already decided on the merits.

**Ineffective Assistance of Counsel:  Grounds One, Two, Three, and Four**

In his first four grounds for relief, Spencer argues that either trial or appellate counsel was constitutionally ineffective.  Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  *Strickland*, 466 U.S. at 687.  To prove his claim that counsel was ineffective, Spencer must show that counsel's performance was constitutionally deficient and that Spencer suffered actual prejudice to his legal position as a result of the deficient performance.  The court must analyze counsel's actions based upon the circumstances at the time – without the crystal clarity of hindsight.  *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988).  The petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (citation omitted).  To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable.  *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997).

In Ground One, Spencer argues that trial counsel was ineffective in failing to object to the State's jury instruction S-1 because it did not clearly state the date on which Spencer allegedly possessed a firearm – nor did counsel offer a defense jury instruction to correct this error.  Spencer argues that, because the victim testified that Spencer had confronted and pistol-whipped him on a previous occasion, the jury was confused as to which incident of possession of a firearm Spencer was charged with by the State.  The challenged instruction, S-1, reads in pertinent part:

> In Count III of the indictment the defendant, ROBERT EARL SPENCER, AKA "JAMES SPENCER," AKA "EARL SPENCER," has been charged with the crime of being a felon in possession of a firearm.

> If you find from the evidence in this case beyond a reasonable doubt that the defendant, ROBERT EARL SPENCER, AKA "JAMES SPENCER," AKA "EARL SPENCER," knowingly or intentionally possessed a firearm, to-wit: a handgun, by having said handgun in his possession, and at the time said defendant had the handgun in his possession, he had previously been convicted of a felony offense, then you shall find the defendant guilty of being a felon in possession of a firearm under Count III of the indictment.

S.C.R., Vol. 1, pp. 19-20.

Under Mississippi law, if jury instructions "taken as a whole fairly, but not necessarily perfectly, announce the applicable rules of law, no error results."  *Milano v. State*, 790 So.2d 179, 184 (Miss. 2001).  In addition, the failure to include the date of the offense in a jury instruction is not error when the defendant has "'has raised no credible claim of unfair surprise

---

[2]Ground Five (as denominated by the court) consists of Spencer's substantive claim that Jury Instruction S-1 was erroneous, and serves as the ground underlying his claim in Ground One that counsel was ineffective for failing to object to the jury instruction.  This section of the memorandum opinion establishes that both claims (the substantive claim and the ineffective assistance claim) are without merit.

or prejudice' stemming from the jury instruction as given." *Vickers v. State*, 994 So.2d 200, 214 (Miss. App. 2008) (citing *McLendon v. State*, 945 So.2d 372, 385(¶ 40) (Miss.2006)).  Under this standard, Spencer has not shown that the challenged instruction was erroneous.  Instruction S-1 instructed the jury as to the applicable law regarding the crime of being a felon in possession of a firearm as set forth in MISS. CODE ANN. §97-3-5, which reads, in pertinent part, "It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or the United States to possess any firearm . . . ." *Id.*

Testimony at trial established that Spencer had previously pistol-whipped the victim; however, that testimony did not serve to make instruction S-1 erroneous.  On direct examination, the victim, Tavaras Tucker, testified that, in an earlier altercation, Spencer had "hit me in the face with a pistol."  S.C.R., Vol. 2, pg. 99.[3]  When one reads the record as a whole, it is clear that the testimony regarding this earlier altercation was introduced in an effort to explain why the victim was certain that Spencer is the man who shot him on the night in question, despite the brief time Tucker had to observe his assailant.  In Tucker's words, "[i]f you done had a altercation with somebody and they done told you they going to kill you, you will remember.  You will never forget that because you know your life is in danger."  S.C.R., Vol. 2, pg. 108.  Further, the prosecution put on evidence to prove that Spencer was in possession of a firearm on the date of the shooting – October 29, 2002.  During her closing argument, the prosecutor told

_____

[3]  On cross-examination, Tucker testified that this altercation took place approximately two *years* before.  S.C.R., Vol. 2, pg. 108.  This was clearly a misstatement on Tucker's part or a typographical error by the court reporter.  Spencer's testimony clarified the error when the prosecutor asked him "Did – a few *weeks* prior to October 29, 2002, did you have some kind of altercation with Tavaras Tucker?"  Spencer responded, "Yes, I did."  S.C.R., Vol. 3, pg. 161 (emphasis added).  The encounter clearly took place only weeks prior to the shooting.

the jury that, with regard to the charge of felon in possession of a firearm, "the only thing you have to decide is whether you believe that he was in possession of that firearm and whether he is the person that was shooting Tavaras Tucker that night and whether – at the time, of course, we've agreed that he's a convicted felon."  S.C.R., Vol 3, pg. 187.

The indictment alleges that "on or about the 29th day of October, 2002," Spencer possessed a firearm as a convicted felon.  S.C.R., Vol. 1, pg. 4.  As such, even assuming for the sake of argument that the jury found Spencer guilty based upon his possession of a firearm two weeks prior to the shooting, he would not have been prejudiced because such a finding would be sufficient to find Spencer guilty of the indicted offense.  *See Davis v. State*, 866 So. 2d 1107 (Miss. App. 2003)(holding that an incorrect date on an indictment is not cause for reversal when it does not cause prejudice to a defendant's case).

Based upon the authority cited above, Spencer can hardly claim "unfair surprise or prejudice" because jury instruction S-1 did not set forth the date with regard to the charge of felon in  possession of a firearm.  Moreover, the jury instructions as a whole correctly instructed the jury as to the controlling law.  Trial counsel's decision not to object to or attempt to "correct" this jury instruction was thus reasonable.  As such, the holding of the Mississippi Supreme Court that counsel provided adequate representation on this issue was neither contrary to, nor involved an unreasonable application of federal law; nor was the decision was not based on an unreasonable determination of the facts in light of the evidence.  As such, Spencer's request for relief in  Grounds One will be denied.  Further, as the instruction in question correctly states the controlling law, Spencer's substantive claim in Ground Five (that instruction S-1 was erroneous) will also be denied,

## Ground Two:  Failure to Object to Testimony
## Regarding Previous Altercation with the Victim

In Ground Two, Spencer alleges that trial counsel was ineffective for allowing the testimony of Spencer's previous altercation with the victim to be admitted into evidence. According to Spencer, this testimony confused the jury and counsel should have objected pursuant to M.R.E. 403.  This rule reads "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  As discussed above, the victim's testimony about the earlier altercation was introduced in order to explain why the victim was so certain about the identity of his assailant on the night of the shooting, October 29, 2002.  In addition, as noted above, the indictment alleged that Spencer's possession of the gun was "on or about October 29, 2002;" as such, the jury could properly convict Spencer based on the earlier possession, as well. Thus, Spencer did not danger of "unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence" under MISS. R. EV. 403.   There were simply no legitimate grounds upon which to base an objection to this testimony.  Trial counsel's decision not lodge a objection on this basis was thus reasonable in fact and law – and cannot support Spencer's claim of ineffective assistance of counsel.  *Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.")   As such, the Mississippi Supreme Court's decision to reject Spencer's ineffective assistance of counsel claim was neither  contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; nor was the decision

based on an unreasonable determination of the facts in light of the evidence.  Spencer is not

entitled to *habeas corpus* relief on Ground Two.

**Ground Three:  Trial Counsel's Failure to Inform the Trial Court
of Her Lack of Contact With Spencer Prior to Trial**

In Ground Three, Spencer argues that trial counsel was ineffective for failing to disclose

to the trial court that she had no contact with Spencer prior to trial, giving rise to a conflict of

interest.  In chambers – the morning of trial – Spencer told the trial judge that he was "objecting

to the trial proceeding at this time[.]"  S.C.R., Vol. 2, pg. 28.  Spencer requested a continuance

so that his wife could attempt to retain another attorney to represent him at trial.  S.C.R., Vol. 2,

pg. 29.  The trial judge offered a continuance until the next morning, even though the jury venire

had been qualified and the trial was scheduled.  S.C.R. Vol. 2, pg. 31.  Spencer, instead

requested a two-week extension.  *Id*.  The trial court responded, "All right.  Well, all right, sir.

Well, I see what's happened now, Mr. Spencer.  I see that you're trying to work me and work the

system.  So rather than continue it, it will go forward this morning."  *Id*.  At that point, Spencer's

court-appointed attorney stated "My law partner and I, Kent Smith, were appointed to this case

in August, August term of Marshall County Circuit Court, and we thoroughly reviewed the file

and information, and I'm prepared to move forward regardless of whether or not Mr. Spencer

attained another attorney."  *Id.*

According to Spencer, trial counsel's failure to inform the trial court that she had

allegedly never met with him constituted a conflict of interest.  These facts do not give rise to a

conflict of interest.  There is also nothing in the record to support Spencer's allegation that his

court-appointed attorney did not meet with him prior to trial.  Regardless, during the discussion

in chambers, the issue at hand was whether Spencer had retained an attorney – or was able to

obtain the desired attorney in a reasonable amount of time. The trial judge determined, however, that Spencer was simply trying to delay the proceedings by raising this issue on the day of trial, rather than at an earlier juncture. Spencer's court-appointed attorney was not under scrutiny, had no stake in whether Spencer retained other counsel, and had every reason to be completely candid with the court. Indeed, counsel was clearly prepared to proceed to trial, had a firm grasp of the facts of the case, thoroughly cross-examined the state's witnesses, called witnesses for Spencer, challenged the State's case against Spencer, and obtained a hung jury on two of the three counts of the indictment.

Spencer argues that counsel did not assist him in "arguing the motion." ecf doc. 1, pg. 7. There was, however, no motion before the court – at least not a written one. The trial judge simply acknowledged that Spencer had expressed an objection to going to trial and allowed Spencer a forum to speak his concerns. Spencer indicated that he wished to obtain a new attorney, but the trial court determined that Spencer merely wished to delay the proceedings. Counsel provided effective representation in her decision not to push this issue further.

Similarly, Spencer's claim within Ground Three that his appointed attorney was deficient in failing to meet with Spencer to discuss his alibi defense must is also without merit. Spencer's trial testimony clearly shows that his alibi defense was that he was "out of town." On direct examination, Spencer stated that he was "off and on living in Chicago." S.C.R., Vol. 3, pg. 160. He then testified that Memphis "was the last place I stayed at when I was being out of town." *Id.* at 161. Spencer went on to say that he didn't remember where he was on October 29, 2002, and that "I was just – I was just out of town." *Id.* at 163. Upon further questioning, Spencer was unable to say whether he was in Chicago or Michigan. *Id.* Spencer either had no idea where he

was when the victim was shot – or he simply could not keep his false story straight. Given Spencer's inability to give his location at the time of the shooting, counsel was reasonable in her decision not to pursue an alibi defense.

Trial counsel's actions amounted to effective representation regarding Spencer's claims in Ground Three. Therefore, the Mississippi Supreme Court's holding that Spencer's allegations failed to satisfy *Strickland* were neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Thus, Spencer is not entitled to *habeas corpus* relief on Ground Three.

### Trial Counsel's Decision Not to Object to "Discovery Violation"[4]

Spencer's claim that trial counsel failed to object to a discovery violation is without substantive merit. Mississippi's Uniform Circuit and County Court Rule 9.04(A) requires the prosecution to "disclose to each defendant *or to defendant's attorney*" the necessary discovery. (emphasis added). Spencer's court-appointed attorney had received all necessary discovery from the State, as shown by counsel's notice that she filed reciprocal discovery. S.C.R., Vol. 1, pg. 9. The record also reveals that Spencer's attorney had extensive knowledge of the case and was well-prepared to defend Spencer against the State's charges. Indeed, thanks to counsel's vigorous defense, the jury could not reach a verdict on two of the three charges against Spencer.

### Ground Four: Ineffective Assistance of Appellate Counsel

In Ground Four, Spencer raises several allegations of ineffective assistance of appellate

---

[4]Spencer made this claim (which challenges conduct of trial counsel) within his claim in Ground Four that appellate counsel was ineffective.

counsel. The standard for reviewing the effectiveness of appellate counsel is the same as that for trial counsel – the two-pronged *Strickland* test discussed above – whether counsel's performance was deficient, and whether the deficiency prejudiced the petitioner's legal position. *Evitts v. Lucey*, 469 U.S. 387, 397-399 (1985). In setting forth the test for the effectiveness of appellate counsel, counsel does not have a duty to raise every "colorable" claim on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-754 (1985). Thus appellate counsel has broad discretion in determining which issues are more likely to be successful on appeal. The court now addresses each of Spencer's claims regarding the effectiveness of appellate counsel individually.

## Denial of an *Ore Tenus* Motion for Continuance
## Presented on the Day of Trial

In his first allegation of ineffective assistance of appellate counsel, Spencer argues that, on the morning of trial, he moved for a continuance because he had not personally received discovery and wished to retain a new attorney, but the trial court failed to follow the discovery guidelines and denied Spencer's request for a continuance. Spencer argues that appellate counsel should have challenged the trial court's denial of a continuance on appeal. On the morning of trial, Spencer argued that his attorney was not prepared to proceed. Spencer told the trial court:

> THE DEFENDANT: And I hadn't – I hadn't even seen my paperwork on the case or nothing until today, and I still didn't have enough time to read everything and understand everything, and I need another – I just am asking for a continuance so I can be able to hopefully be able – I know I got to get me a attorney then so I can let him look into my case.

S.C.R., Vol. 2, pp. 28-29. However, the trial judge determined Spencer sought a continuance simply to delay the trial. Despite the delay between Spencer's arrest and the trial, neither Spencer nor his family had secured the services of a private attorney, and Spencer requested a

two-week continuance until his wife received her check at the end of that month.  S.C.R., Vol. 2,

pg. 31.  Later, Spencer's wife told the trial judge that she had spoken to a private attorney, but

had not yet retained his services, stating that she was to meet with him that evening.  S.C.R.,

Vol. 2, pg. 35.  Mrs. Spencer could not assure the court that the private attorney would appear in

the court the next day on Spencer's behalf, even if a continuance were granted.  S.C.R., Vol. 2,

pg. 35.  Spencer's court-appointed attorney informed the court, however, that she was prepared

for trial.  Indeed, record reveals that she was extremely well-prepared to defend Spencer.

Spencer complained that he had only been in jail for two months prior to trial and thus had

insufficient time to secure private counsel.  The prosecutor addressed this issue with the court:

> MS. FONDREN:        Your Honor, I would like to make a statement in regards to
> the defendant mentioned several times that he's been locked up for two months.
> The State had a very difficult time locating the defendant.  He was wanted in
> three jurisdictions, DeSoto County, Marshall County and Shelby County,
> Tennessee.  We had to put him on the ten most wanted list, and also the FBI
> assisted in located him.  I'm stating that to let the Court know we had difficulty in
> locating him, and that's why he was held without bond because of that.

S.C.R., Vol. 2, pg. 39.

Criminal defendants such as Spencer have the right to retain counsel of their own choice.

*United States v. Hughey*, 147 F.3d 423, 429 (5th Cir. 1998).  However, the law requires only that

a defendant be given a fair and reasonable opportunity to obtain counsel of their choice.  *Id.*

Further, once a defendant is afforded such opportunity, the trial court retains broad discretion in

reviewing and evaluating a request for continuance.  *Newton v. Dretke*, 371 F.3d 250, 255 (5th

Cir. 2004) (citations omitted).   The "proper exercise of the trial court's discretion . . . requires a

delicate balance between the defendant's right to adequate representation by counsel of his

choice and the general interest in the prompt and efficient administration of justice."  *United*

*States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005) (citations omitted).

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process . . . ." *Ungar v. Sarafite*, 376 U.S. 575, 589-91 (1964).  In discussing the trial court's decision on Ungar's request for continuance, the Court held:

> "These matters are, of course, arguable, and other judges in other courts might well grant a continuance in these circumstances.  But the fact that something is arguable does not make it unconstitutional.  Given the deference necessarily due a state trial judge in regard to the denial or granting of continuances, we cannot say these denials denied Ungar due process of law."

*Ungar*, 84 S.Ct. at 850.

Considering the scheduling burdens facing trial courts, "broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12, 103 S.Ct. 1610, 1616 (1983); *see also United States v. Gonzalez-Lopez,* 548 U.S. 140, 126 S.Ct. 2557, 2565-66 (2006) (where Supreme Court recognized a trial court's "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar.")

The court must consider several factors in reviewing the state court's denial of a motion for continuance to obtain new counsel, including:  (1) the length of the delay requested; (2) whether the lead counsel has an associate who is adequately prepared to try the case; (3) whether the petitioner has requested and been granted other continuances; (4) the balanced convenience or inconvenience to litigants, witnesses, opposing counsel and the court; (5) whether the requested delay is for a legitimate reason, or whether it is dilatory and contrived; and (6) whether

there are other unique factors present.  *Newton v.  Dretke,* 371 F.3d 250, 255 (5th Cir. 2004).

Further, even if Spencer demonstrates an abuse of discretion, he "must sustain the burden

common to due process claims that there is a 'reasonable probability that the granting of a

continuance would have permitted [them] to adduce evidence that would have altered the

verdict.'"  *Schrader v. Whitley*, 984 F.2d 282 (5th Cir. 1990).  That is, "[w]hen a denial of a

continuance forms a basis of a petition for a writ of *habeas corpus*, the petitioner must show an

abuse of discretion that was so arbitrarily and fundamentally unfair as to violate constitutional

principles of due process."  *Newton v.  Dretke,* 371 F.3d at 255; *Johnson v. Puckett*, 176 F.3d

809, 822 (5th Cir. 1999) (citation omitted).

The trial judge did not abuse his discretion in denying Spencer's day-of-trial request for a

continuance.  Spencer had evaded authorities for almost a year, delaying his trial and requiring

the assistance of the FBI to bring him into custody.  Trial testimony reveals that while Spencer

was on lam, both he and his family were well aware that the police were seeking him.  Spencer

himself made this clear during the following exchange on cross-examination:

> A:      No.  I already knew the police department was looking for me.
>
> Q:      Well, if you knew you didn't do anything, why didn't you just come down
>         and talk to the detectives about it?
>
>         First of all, let me back up.  How could you know that they were looking
>         for you?
>
> A:      Let me see.  I'm not sure when I found that out.
>
> Q:      Who told you?
>
> A:      Let me see.  I can't remember who told me.
>
> Q:      So back to the original question, why didn't you come back to
>         Mississippi?

A:      Why didn't I do what?

Q:      Why didn't you come back to Mississippi prior to August the 1st?

A:      Because I was living out of town working.

Q:      It never bothered you that the police department had a warrant out for you?

A:      No ma'am.

S.C.R., Vol. 3, pp. 165-166.  After his arrest, Spencer remained in custody for two months before trial.  Despite the delay of over a year (most of which arose out of Spencer's flight from authorities), Spencer waited until *the morning of trial* – after the jury venire had been qualified – to seek a continuance.  Indeed, despite this lengthy opportunity for Spencer or his family to do so, they had yet to secure the representation of a private attorney and could not assure the trial judge that they would be able to do so in a timely manner.  Spencer had court-appointed counsel who was well-prepared for trial, and the State declared that it was also ready to proceed.  Under these circumstances, the court cannot say that the state trial judge abused his discretion in denying Spencer's last-minute request for a continuance.  This claim for *habeas corpus* relief will therefore be denied.

Thus, *appellate* counsel's decision not to raise a claim based upon the trial court's denial of Spencer's request continuance was proper.  As appellate counsel need not raise every colorable claim on direct appeal, his performance in this regard was both reasonable and constitutionally adequate.  Therefore, the Mississippi Supreme Court's holding that this claim failed to satisfy the requirements of *Strickland,* was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court

-19-

of the United States.  Nor was the decision based on an unreasonable determination of the facts in light of the evidence.  Spencer is not entitled to *habeas corpus* relief on his allegation that appellate counsel was ineffective.

## Failure to Challenge Sentence Enhancement Based Upon
## Finding that Spencer Was a Habitual Offender[5]

Next, Spencer argues that appellate counsel was ineffective for failing to challenge the trial court's finding that Spencer should be sentenced as a habitual offender pursuant to MISS. CODE ANN. § 99-19-83 on direct appeal.  This section provides:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

Spencer argues that the State failed to satisfy the requirements of MISS. CODE ANN. § 99-19-83 and that appellate counsel failed to raise this issue on direct appeal.  In addition, Spencer complains that appellate counsel failed to raise an allegation that "these incidents relied upon occurred out of separate incidents and the did not serve separate terms of one year or more for the bundle of charges filed."  ECF doc. 1, pg. 9.  Spencer argues that the charges were not separate incidents occurring at different times as required by the statute.  This claim is without substantive merit.

---

[5]The court's discussion of Ground Six (the substantive claim – whether the court erred in sentencing Spencer as a habitual offender) is also contained in part of the discussion of Ground Four (the ineffective assistance claim – based upon the substantive claim challenging the habitual offender sentence).

During the sentencing hearing, the State introduced three (3) exhibits, S-1 (a "pen-pack" from the Tennessee Department of Corrections), S-2 (a second "pen-pack" from the Tennessee Department of Corrections) and S-3 (a letter written by Spencer). These exhibits were not included in the appellate record, although a copy of each was forwarded to the Mississippi Supreme Court on direct appeal. S.C.R., Vol. 1, pg. 67. Copies of these exhibits are attached to the State's Answer as Exhibits C, D and E. These exhibits make clear that the Tennessee Department of Corrections' records pertained to Spencer. The prosecutor then walked the trial judge through the "pen-packs," proving that Spencer had fact served at least one year on each of two prior felonies, both of which were crimes of violence. Based on this, the trial judge sentenced Spencer to a term of life as an habitual offender. S.C.R., Vol. 3, pg. 232. The records presented by the State verify this conclusion. The State set out the relevant portions of Exhibit C in list form below in its answer, and the court has reproduced it below, with small modifications:

1.) **Cause No. 3755 in the Circuit Court of Fayette County, Tennessee**

    a.)     **Pages 4, 5, 6 and 7 of Exhibit C** – document that Spencer was convicted of aggravated assault (Count 1), aggravated assault (Count 2), possession of a weapon with intent to employ in the commission of a felony (Count 4), felony reckless endangerment (Count 5), on April 16, 1992.

    b.)     **Page 44 of Exhibit C** – documents that Spencer ***entered*** the custody of the Tennessee Department of Corrections on ***April 22, 1992***.

    c.)     **Page 48 of Exhibit C** – documents that on ***June 9, 1993***, Spencer was ***released*** to parole on the charges in Cause No. 3755.[6]

    d.)     This clearly demonstrates that Spencer served ***more than one year*** on the charges in Cause No. 3755, charges which included violent crimes (***from April 22, 1992, to June 9, 1993***).

---

[6] The documents also show that Spencer's parole was revoked on August 9, 1994 (page 49) and that he was finally discharged upon expiration of sentence on April 10, 1995 (page 50).

2.)     **Cause No. 91-11557 in the Criminal Court of Shelby County, Tennessee**

  a.) **Page 15 of Exhibit C** – documents that on September 23, 1992, Spencer was convicted of aggravated robbery and given pre-trial jail credit for June 9, 1991, through July 10, 1991, and May 15, 1992, to September 23, 1992, (a total of 164 days).

  b.) Because Mississippi law provides that pre-trial detention counts towards calculation of the one (1) year required by the habitual offender statute, *See* Miss. Code Ann. §99-19-23 and *Feazell v. State*, 761 So.2d 140 (Miss. 2000)[7]. This translates into an entry date of ***April 12, 1992*** (164 days prior to September 23, 1992).

  c.) **Page 48 of Exhibit C** – documents that on ***June 9, 1993***, Spencer was released to parole on the charges in Cause No. 91-11557.

  d.) This clearly demonstrates that Spencer served ***more than one year*** on the charge in Cause No. 91-11557, a violent crime (***April 12, 1992, through June 9, 1993***).

These records confirm that the trial judge was correct in sentencing Spencer as a habitual offender under Miss. Code Ann. § 99-19-83. Appellate counsel was therefore competent in choosing not to raise an allegation to the contrary on direct appeal, as such a claim would be without merit. Thus, the Mississippi Supreme Court's determination that this allegation of ineffective assistance of appellate counsel failed to satisfy *Strickland* was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Spencer is not entitled to *habeas corpus* relief on this claim.

---

  [7] In *Feazell*, the Mississippi Supreme Court held that pre-trial incarceration counts towards the calculation of the one year period for habitual offender purposes. As such, Spencer's time on pre-trial detention for Cause No. 91-11557, counts towards the calculation of the one year requirement for Miss. Code Ann. §99-19–83.

## Cumulative Error

Spencer also claims that the cumulative effect of trial and appellate counsels' conduct resulted in prejudice to his case. Cumulative error can be an independent basis for habeas relief, but only when "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). In evaluating a charge of cumulative error, the court may not consider meritless claims or claims which do not harm a petitioner's case, no matter how many such claims he raises. *Derden*, 978 F.2d at 1461. As discussed above, none of Spencer's ineffective assistance of counsel claims has merit; as such there is no basis for his claim of cumulative error. No errors, capable of review, can be accumulated to cast doubt on whether the verdict satisfied due process. As such, the Mississippi Supreme Court's decision regarding cumulative error was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Further, the decision was not based on an unreasonable determination of the facts in light of the evidence. Hence, Spencer is not entitled to *habeas corpus* relief on this claim.

## No Prejudice to Spencer's Legal Position

As discussed above, Spencer's claims of ineffective assistance of counsel fail because he has not met the deficiency prong of *Strickland*. Even if he had proved that trial or appellate counsel's performance was deficient, he has not shown that any such deficiency prejudiced his legal position. He has not shown that there is a reasonable probability that the result of the

proceedings would have been different – or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied*, 116 S.Ct. 557 (1995); *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993); *Sharp v. Johnson*, 107 F.3d 282, 286 n.9 (5th Cir. 1997). A reasonable probability is one that undermines confidence in the outcome of the proceeding. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998). Attorney error, even if constitutionally deficient, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Summit v. Blackburn*, 795 F.2d 1237,1242 (5th Cir. 1986). In addition, a *habeas corpus* petitioner must affirmatively plead this resulting prejudice. *Bridge v. Lynaugh*, 838 F.2d 770,773 (5th Cir. 1988). No actions by counsel served "to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. Spencer has not shown that, had counsel taken different actions, the proceedings would have been different. As discussed below in Ground Seven, the State presented ample evidence to support the jury's finding of guilt. Therefore, the Mississippi Supreme Court's finding that trial and appellate counsel provided effective representation *Strickland* was neither contrary to nor an unreasonably application of clearly established federal law, and Spencer's claims in Ground Four will be denied.

### Ground Five:  Erroneous Jury Instruction S-1

The court will deny this ground for relief for the reasons set forth above in the discussion of the ineffective assistance of counsel claim based upon the trial court's use of Jury Instruction S-1.

### Ground Six:  Erroneous Sentencing as a Habitual Offender

The court will deny this ground for relief for the reasons set forth above in the discussion

of the ineffective assistance of counsel claim based upon the trial court's decision to sentence Spencer as a habitual offender.

### Ground Seven: Denial of Spencer's Motion for
### Directed Verdict Judgment *Non Obstante Veredicto*

In Ground Seven, Spencer complains that the trial court erred in denying his motions for directed verdict and judgment *non obstante veredicto* because the State failed to prove each element of the offense. A challenge to the sufficiency of the evidence can support a claim for *habeas corpus* relief only if the evidence, when viewed in the light most favorable to the State, is such that no reasonable fact finder "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see also Marler v. Blackburn*, 777 F.2d 1007, 1011 (5th Cir. 1985). This standard of review "preserves the integrity of the trier of fact as the weigher of the evidence." *Bujol v. Cain*, 713 F.2d 112, 115 (5th Cir. 1983). The *Jackson* standard allows the trier of fact to find the evidence sufficient to support a conviction even if "the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence." *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992).

The Mississippi Court of Appeals addressed this allegation on direct appeal and held:

Spencer complains that the jury verdict was inconsistent. If the jury found there was insufficient evidence that he was the shooter and the robber, then it could not find him guilty of possessing a firearm. He argues there was only evidence that he possessed a gun on an entirely different occasion, for which he was not indicted. The State argues that this prior separate occasion was sufficient to convict him and that there was also testimony that Spencer had a gun on the night of the aggravated assault and armed robbery.

Mississippi Code Annotated section 97-37-5(1) (Rev.2000) provides that:

It shall be unlawful for any person who has been convicted of a

felony under the laws of . . . any other state . . . to possess any firearm ... unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the U.S. Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.

Spencer stipulated that he was a prior convicted felon, as defined by this statute. Tucker testified that he saw Spencer come toward him with a pistol on October 29, 2002. We find that there was sufficient evidence for the jury to convict him of being a felon in possession of a firearm.

*Spencer*, 944 So. 2d at 91-92.

This holding is supported in the record. As discussed in Ground One, the victim was certain he saw Spencer with a gun in his hand on the night of the shooting. The jury, as the finder of fact, weighed the victim's testimony and found it to be credible. This evidence is sufficient to support the guilty verdict under *Jackson, supra.* The Mississippi Court of Appeals' decision was therefore neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In addition, the decision was not based on an unreasonable determination of the facts in light of the evidence. As such, Spencer is not entitled to *habeas corpus* relief on Ground Seven.

### Ground Eight – Conviction Is Inconsistent With the Jury's Inability to Reach a Verdict on the Charges of Robbery and Aggravated Assault

In Ground Eight, Spencer complains that the jury's verdict of guilty on possession of a firearm by a convicted felon was inconsistent with the fact that they were not able to reach a verdict on the other counts of the indictment. The United States Supreme Court has addressed the issue of inconsistent verdicts and held that, "[i]nconsistency in a verdict is not a sufficient reason for setting it aside." *Harris v. Rivera,* 454 U.S. 339, 345, 102 S.Ct. 460, 70 L.Ed.2d 530 (1981). The verdicts in the present case are not, however, inconsistent. The Mississippi Court of Appeals

considered the issue on direct appeal, and held:

> Also, we disagree with Spencer's contention that it was inconsistent for the jury to convict him of this crime, while not returning a guilty verdict on the charges of aggravated assault and armed robbery. The record indicates that there were at least two people in the gold Buick who could have shot Tucker. Although neither Tucker nor Balfour could see in the tinted windows, Spencer emerged from the passenger side of the car. This means there was at least one other person in the Buick, *i.e.*, the driver.
>
> Tucker testified that he saw Spencer with a pistol in his hand. He described Spencer as wearing braids, a grey shirt and stone-washed jeans. Tucker turned and ran. When he was shot, and his car was stolen, he naturally concluded that it was Spencer who shot him and stole his car. Balfour testified that she saw the second gunshot being fired, but it was by a man wearing a skull cap and a blue jean jacket. This man was who she claimed stole Tucker's car. This was sufficient evidence for the jury to conclude that while Spencer definitely possessed a pistol that night, he may not have been the shooter or the robber. Even if the jury had acquitted Spencer outright on the first two counts, the verdict would still be consistent with the evidence.

*Spencer*, 944 So. 2d at 92.

This interpretation of the evidence is entirely rational; as such, there was no inconsistency in the verdicts. Based on the facts of Spencer's case, because at least two potential assailants were present at the shooting, the jury could reasonably have found that, while Spencer certainly possessed firearm, someone else may have shot the victim and stolen his car. Thus, the Mississippi Supreme Court's holding was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Also, the decision was not based on an unreasonable determination of the facts in light of the evidence. Therefore, Spencer is not entitled to *habeas corpus* relief on Ground Eight.

In sum, none of the grounds for relief in the instant petition for a writ of *habeas corpus* has merit, and the petition will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 15th day of October, 2010.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE